**NASSAU GLASS COMPANY, Libelant,**

v.

**NOEL ROBERTS, LTD., and M/V NOEL ROBERTS, her engines, tackle, etc., Respondents.**

**No. 64–63–ADM.**

United States District Court
S. D. Florida.

Feb. 1, 1965.

Gay & Anderson, Miami, Fla., for Nassau Glass Co.

Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for Noel Roberts, Ltd., and M/V Noel Roberts.

CHOATE, District Judge.

This matter came before the Court on the pre-trial conference motion of the Respondents to limit liability to $500.00 under the provisions of the Carriage of Goods by Sea Act.

The Libelant, consignee of cargo shipped from Miami, Florida, to Nassau, British West Indies, brings this action to recover damages for breakage alleged to have occurred in shipment. The cargo, a crate of plate glass, was shipped on April 20, 1961, aboard the Motor Vessel "Noel Roberts" under a bill of lading which contained no statement as to the value of the cargo or the mode of shipment aboard the vessel. The crate, stored on deck, is alleged to have been damaged in shipment and the Libelant claims damages of $1,343.91. The Respondent contends that his liability, if any, is limited to $500.00 pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq.

Section 1304(5) of the Carriage of Goods by Sea Act provides that, unless the nature and value of goods is declared and inserted in the bill of lading before shipment, the carrier's liability is limited to $500.00 per package. In order to avoid that limitation on the carrier's liability here, the Libelant contends that the on deck storage was an unreasonable deviation under section 1304(4) of the Act which voids the limitation of liability of section 1304(5). The contention of the libelant cannot be sustained and the Court finds the limitation of liability effective, even assuming an unreasonable deviation.

Only two cases appear to have decided the question raised here: Jones v. The

Flying Clipper, 116 F.Supp. 386 (S.D. N.Y., 1953); and Atlantic Mutual Insurance Co. v. Poseidon Schiffahrt, 313 F.2d 872 (7th Cir. 1963).

In Jones v. Flying Clipper the District Court held that on deck storage without notation on the bill of lading was a material deviation which vitiated the limitation of liability. A contrary conclusion was reached in Atlantic Mutual. It appears to the Court that the reasoning of Atlantic Mutual is more persuasive. The statute appears plain that liability is limited to $500.00 in all cases in which the bill of lading is silent as to the value of the cargo and this applies "in any event" and to "any loss or damage." It is therefore,

Ordered that the liability, if any, of the respondents is limited to $500.00.